IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ARIANNA MYNHIER and JEREMY MYNHIER, individually and on behalf of their minor child, L.M., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 5:23-CV-593-M |
| WAKE COUNTY BOARD OF EDUCATION, | ) ) ) ) | |
| Defendant. | | |
| WAKE COUNTY BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 5:23-CV-716-D |
| v. | ) ) | |
| L.M., a minor by and through his parents, JEREMY MYNHIER and ARIANNA MYNHIER, | ) ) ) ) | |
| Defendants. | | |

## ORDER

These matters are before the court on the parties' joint motion to consolidate the above-captioned cases for purposes of discovery and motions filing [DE 12]. Both cases arise from state administrative proceedings regarding a petition filed by L.M. through his parents asserting that the Wake County Board of Education had denied him a free and appropriate education when it failed to provide and implement an appropriate individualized education plan. After hearing, the presiding administrative law judge allegedly entered a decision in L.M.'s favor on September 30, 2023.

On October 20, 2023, L.M. and his parents filed a complaint seeking attorney fees incurred as a result of the administrative proceeding ("Fee Petition"). This complaint is currently pending before the undersigned in Case No. 5:23-CV-00593-M. Later, on December 13, 2023, the Wake County Board of Education filed a complaint substantively challenging the administrative decision ("Administrative Challenge"). That complaint is currently before Judge Dever in Case No. 5:23-CV-716-D. On January 30, 2024, the parties jointly filed their request for consolidation for purposes of discovery and motions filing under Rule 42 of the Federal Rules of Civil Procedure.

"If actions before the court involve a common question of law or fact, the court may" consolidate the actions. Fed. R. Civ. P. 42(a). "District courts have broad discretion . . . to consolidate causes pending in the same district." *AIS J Ludwig Mowinckles Rederi* v. *Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977). To determine whether consolidation is appropriate, courts should determine "whether the specific risks of prejudice and possible confusion" from consolidation "[are] overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial, multiple trial alternatives." *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Consolidation of the above-captioned cases is appropriate. Both cases involve common factual and legal issues. Indeed, the Administrative Challenge seeks to invalidate the same administrative law judge's decision giving rise to L.M. and his parents' claim for attorneys' fees in the Fee Petition. Because of the apparent overlap between the two cases, adjudicating these cases separately and without coordination presents a significant risk of inconsistent adjudication

on identical issues; unnecessary burden on the parties, witnesses, and the court; waste of time; and unjustified additional expense. *See Arnold*, 681 F.2d at 193. To the extent that the parties request consolidation for purposes of discovery and motions filing, no risk of prejudice or possible confusion would result from consolidation.

A consolidated action ordinarily proceeds before the judge who received the first of the consolidated cases. However, the parties have jointly requested that the consolidated action proceed under the later filed case, i.e., the Administrative Challenge, to accommodate their additional request for a stay of the Fee Petition's proceedings until the Administrative Challenge is resolved. *See* DE 12 at 2.

The additional request for a stay is inconsistent with the purpose of consolidation. The option to consolidate two actions for pretrial purposes is "a mere matter of convenience in administration, *to keep them in step*." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (emphasis added); *Toledo, St. L. & K.C.R. Co. v. Cont'l Tr. Co.*, 95 F. 497, 506 (6th Cir. 1899) (explaining that consolidation "operates as a mere carrying on together of two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense"). Consolidation for purposes of discovery and motions filing should allow the court and parties to synergize litigation efforts for both actions. However, should the court stay the Fee Petition's proceedings while its companion case proceeds to final adjudication, a second round of discovery and/or motions filings would likely ensue once the stay is lifted. Thus, as proposed by the parties, the stay appears inappropriate given the parties' request to consolidate the two actions. Additionally, consistent with the court's ordinary practice, the consolidated action will proceed before the undersigned.

Accordingly, the motion to consolidate is GRANTED in part and DENIED in part. The

3

above-listed cases are CONSOLIDATED for the purposes of discovery and motions filing. If necessary, the court will consider at the appropriate time whether the cases should continue to be consolidated for the purposes of trial.

All future filings shall be docketed in Case No. 5:23-CV-593-M, which shall be designated as the lead case. All future filings shall reflect the case caption for each of the consolidated cases, as above, with the notation that the matter is proceeding as a consolidated action.

The court DENIES WITHOUT PREJUDICE the parties' request to stay the Fee Petition's proceedings.

The clerk is DIRECTED to enter this order in each of the now-consolidated cases. Future orders shall be entered only in the lead case unless otherwise directed.

SO ORDERED this 6th day of March, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE