IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ADRIANNA MYNHIER and JEREMY MYNHIER, individually and on behalf of minor child L.M.,<br><br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF EDUCATION,<br><br>Defendant. | Case No. 5:23-cv-00593-M-RJ |
| WAKE COUNTY BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY MYNHIER, ADRIANNA MYNHIER, and L.M., a minor,<br><br>Defendants. | Case No. 5:23-cv-00716-M-RJ |

## ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert B. Jones, Jr. on February 11, 2025. [DE 45]. Judge Jones recommends that the Wake County Board of Education's ("the Board") Motion for Judgment on the Administrative Record [DE 26] be denied and that Plaintiffs' Motion to Approve Attorney's Fees and Costs [DE 29] be allowed in part and denied in part. [DE 45] at 2. Neither party objects to Judge Jones' recommendation on the Motion for Judgment on the Administrative

Record, but Plaintiffs have filed a partial objection to the recommended disposition of their Motion to Approve Attorney's Fees and Costs. [DE 47]. They object only to the hourly rates assigned to attorneys Keith Howard and Carla Fassbender, arguing that the recommended rates "are significantly lower than the community hourly rate for attorneys with significant experience litigating Individuals with Disabilities Education Act ("IDEA") matters in Wake County, North Carolina." *Id.* at 2. After careful consideration, the objection is overruled.

I. **Statement of the Case**

This dispute arises out of state administrative proceedings initiated by Plaintiffs on behalf of their minor child ("L.M.") against the Board under IDEA. On September 20, 2023, after a hearing, the presiding administrative law judge ("ALJ") entered a decision in Plaintiffs' favor. The ALJ ordered that the Board provide L.M. with 402 hours and thirty minutes of compensatory education services and, in lieu of compensatory services, the reimbursement cost for services already acquired by L.M. The order gave the Board an eighteen-month window in which to comply. Both parties subsequently brought an action against the other. In case number 5:23-cv-00593, where both actions have been consolidated, Plaintiffs seeks an award of attorney's fees. [DE 1].

On August 5, 2024, Plaintiffs filed a Motion to Approve Attorney's Fees and Costs. [DE 29]. Plaintiff requested that the court award attorney's fees in the amount of $148,100.00 for Keith Howard and $47,183.25 for Carla Fassbender. *Id.* at 1. Plaintiff sought other awards that are not now contested. Judge Jones ultimately recommended that the court award Plaintiffs attorneys' fees in the amount of $120,640 for Keith Howard (calculated using a $325 hourly rate) and $34,065 for Carla Fassbender (calculated using a $225 hourly rate). [DE 45] at 40. On February 25, 2025, Plaintiffs filed a timely objection. [DE 47].

2

## II. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## III. Legal Standards

"The IDEA allows parents who prevail in state administrative proceedings challenging their children's individualized education programs to recover attorney's fees in federal court." *Sanchez v. Arlington Cnty. Sch. Bd.*, 58 F.4th 130, 132 (4th Cir. 2023); *see also* 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonably attorneys' fees as part of the costs—(I) to a prevailing party who

3

is the parent of a child with a disability). "[A] party need not prevail on every issue or even the most central issue in a proceeding to be considered a prevailing party." *J.D. ex rel. Davis v. Kanawha Cnty. Bd. of Educ.*, 571 F.3d 381, 387 (4th Cir. 2009). Rather, it is sufficient to "obtain[] judicially sanctioned and enforceable final relief on some claims." *G. ex rel. Ssgt R.G. v. Fort Bragg Dependent Schs.*, 324 F.3d 240, 255 (4th Cir. 2003).

Any fees awarded by the court must be "based on the prevailing rates in the community in which the action arose, without the use of any bonus or multiplier." *Wake Cnty. Bd. of Elections v. S.K. by and through R.K.*, 541 F. Supp.3d 652, 668 (E.D.N.C. 2021) (citing § 1415(i)(3)(C)). In making this determination, courts "look not only to customary hourly rates but also to results obtained." *J.D. ex re. Davis*, 571 F.3d at 387 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To calculate an award of attorney's fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v .Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). In making both determinations, the Fourth Circuit has dictated that courts consider twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)).

## IV. Discussion

The parties do not object to Judge Jones' recommendation concerning the Board's Motion for Judgment on the Administrative Record. And concerning Plaintiffs' Motion to Approve Attorney's Fees and Costs, they do not object to the recommended hourly rate for Ese Love, the calculated number of hours expended by Plaintiffs, or to Judge Jones' decision not to recommend a reduction in fees based on limited success. After careful review of those sections of the M&R and finding no clear error, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

Plaintiffs only contest the recommended hourly rates for Keith Howard and Carla Fassbender, arguing that they "are significantly lower than the community hourly rates for attorneys with significant experience litigating [IDEA] matters in Wake County, North Carolina." [DE 47] at 2. Plaintiffs maintain that hourly rates of $425 for Mr. Howard and $315 for Ms. Fassbender better encapsulate the community rates in Wake County. *Id.* at 4.

Mr. Howard and Ms. Fassbender are both experienced attorneys. Mr. Howard has over twenty years of experience practicing special education law, and since 2017, he has owned his own law practice focused exclusively on representing parents in special education disputes in North Carolina. Howard Decl. [DE 47-1] at ¶ 10, 13–14. He has additionally taught special education courses on and off for fourteen years. *Id.* at ¶ 13. Ms. Fassbender has more than five years of experience exclusively practicing special education law in North Carolina, as well as fifteen years of experience working in public education in other capacities. Fassbender Aff. [DE 30-1] at ¶ 1. Both attorneys opine that the requested hourly rates are "well within the community hourly rate for Wake County, North Carolina." Howard Decl. [DE 47-1] at ¶ 18; Fassbender Aff. [DE 30-1] at ¶ 6, 23. Mr. Howard further declares that "[c]onsidering [his] years of experience, skill,

5

reputation, and consistent filing of due process matters in multiple states, $325 is a disincentive to take on these matters." Howard Decl. [DE 47-1] at ¶ 19.

Plaintiffs have submitted several declarations from disinterested attorneys in support of their request.[1] Stacey Gahagan, an attorney with more than twelve years of experience in plaintiff's-side special education law, states that "as one of the few attorneys that routinely practice special education law in Wake County, North Carolina," she believes that the requested rates are reasonable considering Mr. Howard and Ms. Fassbender's skill, experience and reputation. Gahagan Decl. [DE 47-1] at ¶ 1, 12, 15. She further offers that she charges an hourly rate of $400 and that Mr. Howard, to the best of her knowledge, "is the only attorney with twenty (20) years of experience fully litigating special education cases in Wake County, North Carolina." *Id.* at ¶ 13, 24. The declarations of other attorneys support these conclusions. *See* Harris Decl. [DE 47-1] at ¶ 1, 16–17 (a special education attorney with more than fourteen years of experience opining that Mr. Howard could reasonably charge as much as $650 per hour and Ms. Fassbender could reasonably charge between $315 and $350 per hour); Espaillat Decl. [DE 47-1] at ¶ 1, 14–15 (same); Harvey Decl. [DE 47-1] at ¶ 1, 3–4 (same); Grant Decl. [DE 47-1] at ¶ 1, 3, 14 (a special education attorney and law professor with more than twelve years of experience advising that she charges $450 an hour in Wake County, North Carolina and that the requested rates are reasonable).

By contrast, the Board contends that the recommended rates "are roughly commensurate with what the evidence in the record supported." [DE 50] at 2. In support of its position, the Board submitted an affidavit from its attorney, Stephen G. Rawson. [DE 34-1]. Mr. Rawson advises that he has exclusively practiced education law, with a focus on special education, for the last eleven

---

[1] Mr. Howard asserts that these affidavits and declarations come "from the majority of parent attorneys in North Carolina." Howard Decl. [DE 47-1] at ¶ 18.

6

years, representing school boards "in scores of special education due process cases." *Id.* at ¶ 3–4. He states that his current hourly rates range from $215 to $250 per hour. *Id.* at ¶ 6. In his view, "over the last two years, some [attorneys representing parents in IDEA cases] have been demanding substantially increased rates that are far beyond what the market supports." *Id.* at ¶ 7. He opines that an experienced special education attorney should charge between $250 and $300 per hour, while a more junior attorney should reasonably charge around $200. *Id.* at ¶ 9. The affidavits from several other disinterested attorneys concur. *See* Hitch Aff. [DE 34-2] at ¶ 3, 6, 8–9 (a board-side special education attorney with more than twenty-two years of experience advising that he charges between $180 and $225 per hour and concurring with Mr. Rawson as to the reasonable hourly rates); Leonard Aff. [DE 34-2] at ¶ 6, 12–13 (an attorney with seven years of experience exclusively practicing education law advising that he charges between $245 and $300 an hour and generally concurring with Mr. Rawson's proposed hourly rates). The Board also notes that Ms. Gahagan, who submitted a declaration supporting Plaintiffs' position in this case, submitted a sworn statement in 2020, opining that $250 was a reasonable hourly rate for Mr. Howard. *See* Gahagan Decl. [DE 34-2] at ¶ 4.

Having reviewed and considered the above-described sworn statements, and perceiving many of them to conflict with one another, the court considers the hourly rates approved in similarly situated IDEA cases. As the parties have acknowledged, there are not many in North Carolina. The parties' arguments have largely revolved around three cases.

*First.* In 2021, a court on the Eastern District of North Carolina found that an uncontested hourly rate of $250 was reasonable. *Wake Cnty. Bd. of Educ. v. S.K. by and through R.K.*, 541 F. Supp. 652, 668–69 (E.D.N.C. 2021). Stacey Gahagan, the attorney who filed in the underlying administrative proceedings, advises that she brought the action in federal court in 2019, seeking

7

attorney's fees for work completed between 2017 and 2019, when she had only five to seven years of experience practicing special education law. Gahagan Decl. [DE 47-1] at ¶ 8–9.

*Second.* In 2021, a court on the Middle District of North Carolina awarded hourly rates between $200 and $375 for attorneys with varying levels of experience. *See R.S. by and through Soltes v. Bd. of Dirs. of Woods Charter Sch. Co.*, No. 1:16-cv-119, 2021 WL 2634562, at *10–11 (M.D.N.C. June 25, 2021), *aff'd* No. 21-1826, 2023 WL 3735217 (4th Cir. 2023). The court found that an unopposed hourly rate of $250 was reasonable for Mr. Howard, recognizing, however, that Mr. Howard had voluntarily reduced his original hourly rate from $350 to $250. *Id.* at *10. The court also awarded a $375 hourly rate for an attorney with significant experience with special education matters.[2] *Id.* at *11. Notably, while this case was on appeal, the Fourth Circuit awarded Mr. Howard attorney's fees using the requested hourly rate of $400. *See R.S. by and through Soltes v. Bd. of Dirs. of Woods Charter Sch. Co.*, No. 21-1826, [DE 36-1, 36-2, 47] (4th Cir. 2024). It did not, however, provide an explanation as to why it adopted the requested rate. *See id.*

*Third.* In 2010, a court on the Western District of North Carolina awarded Stacey Bice Bawtinhimer—now the ALJ who presided over this case at the state administrative level—an hourly rate of $300. *B.P. v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:06-cv-445, 2010 WL 1418334, at *6 (W.D.N.C. Apr. 2, 2010). At that time, Judge Bawtinhimer had "practiced law for nineteen years, ha[d] been representing disabled students for fifteen years, and ha[d] been exclusively practicing special education/education law on behalf of disabled students for over ten of those years." *Id.* at *3. Further, she was, to her knowledge, "the only private-practice attorney who exclusively practice[d] special education law." *Id.*

---

[2] The attorney had requested an hourly rate of $475.

8

After consideration of the affidavits and declarations, the rates adopted in the above-described cases, and the remaining relevant factors, the court finds that a $325/hour rate for Mr. Howard and a $225/hour rate for Ms. Fassbender is reasonable. The court is persuaded by Judge Jones' rationale that the adopted rate represents a reasonable increase over the past four years and adequately accounts for the specialized nature of IDEA litigation and the lengthy-but-not-overly-complex character of the underlying proceedings.

Having adopted the above-described rates, the court awards attorney's fees in the amount of $162,470, calculated as follows: Howard: 371.2 hours x $325/hour = $120,640; Fassbender: 151.4 hours x $225/hour = $34,065; Love: $7,765. Additionally, the court awards undisputed costs in the amount of $2,145.34, for a total award of $164,615.34.

## V. Conclusion

For the aforementioned reasons, Plaintiffs' objection to the M&R is OVERRULED. The Board's Motion for Judgment on the Administrative Record [DE 26] is DENIED, and Plaintiffs' Motion to Approve Attorney's Fees and Costs [DE 29] is GRANTED IN PART and DENIED IN PART. The court AWARDS Plaintiffs with attorney fees and costs in the amount of $164,615.34.

SO ORDERED this 27th day of March, 2025.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE